1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERTO RAMOS,

              *Plaintiff*,

       v.

NDEX WEST, LLC, *et al.*,

              *Defendant*.

1:09-CV-00190 OWW GSA

ORDER RE DEFENDANT'S MOTION TO
DISMISS OR IN THE ALTERNATIVE
FOR MORE DEFINITE STATEMENT; AND
MOTION TO EXPUNGE *LIS PENDENS*
(DOCS. 4 & 8).

I.   INTRODUCTION

    Before the court for decision is the Federal Deposit
Insurance Corporation's ("FDIC") motion to dismiss, or in the
alternative for a more definite statement, and motion to expunge
*lis pendens*.  Docs. 4 & 8.  At the time the complaint in this
case was filed, Plaintiff was represented by Marjan Alitalaei of
the law firm of M.W. Roth, PLC.  That law firm has ceased
operations and the California Superior Court for the County of
Los Angeles has assumed jurisdiction over its practice.  *See* Doc.
6.  Defendant was instructed to, and did, serve a copy of this
motion, along with a notice of the scheduled hearing on June 1,
2009, on Plaintiff via U.S. Mail at Plaintiff's last known
address, 13015 Monarch Palm Avenue, Bakersfield, California,
93314.  Doc. 8 (proof of service).  Plaintiff has filed no
opposition.

1

## II. BACKGROUND

On December 4, 2008, Plaintiff filed the this lawsuit against IndyMac Federal Bank, FSB,[1] the holder of Plaintiff's mortgage, and NDEX West, LLC ("NDEX"), an agent engaged by IndyMac to foreclose upon and sell Plaintiff's home. *See* Doc. 1, Ex. 2, at 1-2 (Complaint). Plaintiff seeks monetary damages and to enjoin foreclosure. *Id.* at 7-8. The Complaint, originally filed in the California Superior Court for the County of Kern, Metropolitan Division, was removed by the FDIC pursuant to 28 U.S.C. § 1441(b) (permitting removal of any civil action founded on a claim or right arising under the "laws of the United States"), because Plaintiff asserted claims against the bank arising under federal statute, and 12 U.S.C. § 1819(b)(A)(2)(A) (deeming any suit against FDIC as one arising under the laws of the United States).

The Complaint, which is devoid of any specific facts as to Plaintiff's loan, contains general allegations that have been asserted against Defendant in numerous other lawsuits. *Id.*; Doc. 8-2 at 4 (Motion). Plaintiff alleges that Defendant improperly commenced a non-judicial foreclosure against residential property owned by Plaintiff. *Id.* at ¶¶ 6, 8. Although the Complaint admits that Plaintiff is in default on a loan, *see id.* at ¶8, it

---

[1] In a concurrently filed order, the FDIC was substituted as a defendant in place of IndyMac Federal Bank, FSB. The FDIC is currently operating in a dual capacity as the Receiver for the failed institution, IndyMac Bank, F.S.B., and as Conservator for IndyMac Federal Bank, FSB, which the Office of Thrift Supervision ("OTS") created to take over IndyMac Bank's business operations. FDIC stands in the shoes of both the old and new institutions and operates as their successor. *See* 12 U.S.C. § 1821(d)(2)(describing FDIC's powers as successor to institution and to operate an institution).

1　alleges that an unnamed noteholder may not possess the original

2　endorsed note.  *Id*. at ¶17.  In the alternative, the Complaint

3　alleges that Defendants "added costs and charges to the payoff

4　amount of the note that were not justified and proper under the

5　terms of the note or the law."  *Id*.

6　　　　The Complaint asserts three causes of action.  First, under

7　a cause of action entitled "Unfair Debt Collection Practices,"

8　Plaintiff alleges that Defendant violated the Fair Debt

9　Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.;

10　and the Real Estate Settlement Procedures Act ("RESPA"), 12

11　U.S.C. §§ 2601-2617.  *Id*. at ¶¶ 19-21.  Second, under a cause of

12　action entitled "Predatory Lending Practices," it is alleged that

13　Defendant violated the Home Ownership and Equity Protection Act

14　("HOEPA"), 15 U.S.C. § 1637; the Truth in Lending Act ("TILA"),

15　15 U.S.C. § 1601, *et seq*.; "Regulation Z," 12 C.F.R. § 226, et

16　seq.; and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

17　§§ 41-58.  *Id*. at ¶¶ 22-25.  Finally, the third cause of action

18　alleges that Defendant violated the Racketeer Influenced and

19　Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961, et seq.,

20　through attempts to collect unlawful debts, mail fraud, and

21　prohibited interference with commerce, robbery, or extortion as

22　defined under 18 U.S.C. § 1951.  *Id*. at ¶¶ 26-30.

23　　　　Plaintiff does not specify which sections of these various

24　laws he contends were violated, nor does he describe the conduct

25　that allegedly resulted in the violations.

26

27

28

### III. <u>STANDARD OF REVIEW</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. *See* Fed. R. Civ. Pro. 12(b)(1). Federal courts are limited in jurisdiction; it is presumed that a case lies outside the jurisdiction of the federal courts unless Plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1993); *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The party asserting jurisdiction has the burden of proof when a 12(b)(1) motion is filed. *See Sopack v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Lack of subject matter jurisdiction can be raised at any time by any party. Fed. R. Civ. Pro. 12(h); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

### IV. <u>DISCUSSION</u>

A.   <u>This Court Lacks Jurisdiction Over Plaintiff's Claims.</u>

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), a comprehensive statutory scheme granting FDIC authority to act as Receiver for failed financial institutions, created a statutory procedure for the processing of claims against the FDIC. 12 U.S.C. §§ 1821(d)(3)-(13). That process requires all claims against a failed financial institution to be submitted to the

4

1    FDIC within 90 days of the FDIC's mailing of a claims form.   12

2    U.D.C. § 1821(d)(3)(B).   Upon receipt of a claim, the FDCI has

3    180 days to review the claim.   *See* 12 U.S.C. § 1821(d)(5)(A)(i).

4    Until the expiration of the claims period, courts do not have

5    jurisdiction over claims against a failed institution for which

6    FDIC has been appointed Receiver.   *See McCarthy v. FDIC*, 348 F.3d

7    1075, 1077-78 (9th Cir. 2003).   The exhaustion requirement

8    "applies to <u>any</u> claim or action respecting the assets of a failed

9    institution for which the FDIC is Receiver," and extends to post-

10   Receivership claims arising out of acts by the Receiver as well

11   as the failed institution.   *Id*. at 1081 (emphasis in original).

12   *McCarthy* affirmed dismissal of an action for damages in which the

13   plaintiff, a mortgagor, complained that FDIC, as Receiver,

14   handled a loan plaintiff was negotiating with a failed

15   institution.   *Id*. at 1076-77.

16        Here, the Complaint asserts a number of claims against

17   IndyMac Federal Bank, FSB, for which Plaintiffs seek damages,

18   attorneys fees, and prejudgment interest.   As each of these

19   claims are the responsibility of the FDIC Receiver, Plaintiff is

20   required to exhaust the FIRREA claims process before pursuing

21   claims in any court.   Plaintiff failed to do so.   Therefore, this

22   court lacks jurisdiction over his claims against IndyMac.[2]

23        Similarly, Pursuant to FIRREA, courts lack jurisdiction to

24   enjoin or restrain the FDIC's exercise of its powers as a

25   _____
     [2] The other named defendant, NDEX, has not made an appearance in
26   this action.   The Complaint suggests that NDEX's only connection
     to this action was its role as agent for IndyMac in the
27   foreclosure process.   Doc. 1 at ¶8.   If the claims against
     IndyMac (i.e. FDIC) are invalid, there does not appear to be any
28   basis for maintaining separate claims against NDEX.

                                  5

1  Receiver or Conservator.  12 U.S.C. § 1821(j) ("Except as
2  provided in this section, no court may take any action, except at
3  the request of the Board of Directors by regulation or order, to
4  restrain or affect the exercise of powers or function of the
5  [FDIC] as a Conservator or Receiver.").  This prohibition applies
6  to suits to enjoin the FDIC from proceeding with forclosure on a
7  mortgage.  *Lloyd v. FDIC*, 22 F.3d 335, 336 (1st Cir. 1994)
8  (district court lacks jurisdiction to enjoin the FDIC's
9  foreclosure on the property of a debtor when FDIC is acting
10  pursuant to its statutory powers as a Receiver); *Freeman v. FDIC*,
11  56 F.3d 1394, 1398-99 (D.C. Cir. 1995)("FDIC's broad powers as
12  Receiver include the power to foreclose on the property of the
13  debtor held by the failed bank as collateral, and no court may
14  enjoin the exercise of that power.").  This court is similarly
15  without power to enjoin FDIC's attempts to foreclose on
16  Plaintiff's property.

17       The motion to dismiss also raises, in the alternative,
18  arguments why the complaint should be dismissed for failure to
19  state a claim and/or that a more definite statement should be
20  required.  It is unnecessary to reach these issues as the
21  complaint lacks a basis for subject matter jurisdiction.

22

23  B.   Motion to Expunge the *Lis Pendens*.

24       A *lis pendens* is a recorded instrument that provides
25  constructive notice of a pending lawsuit affecting title to
26  certain real property and that ensures that any person who
27  attempts to buy that property takes it subject to any judgment

28

6

1    that may be entered.  *Bishop Creek Lodge v. Scira*, 46 Cal. App.

2    4th 1721, 1733 (1996).  The practical effect of a *lis pendens* is

3    to "cloud title" to the property and prevent its transfer until

4    the *lis pendens* is expunged.  *Id*.

5        Because of the potentially serious effects to the

6    transferability of property, a *lis pendens* must be expunged if a

7    plaintiff cannot establish the "probable validity" of its claim

8    by a "preponderance of the evidence."  Cal. Code Civ. Pro.

9    ("CCP") § 405.32.  "[T]he court shall order that the notice [of

10   lis pendens] be expunged if the court finds that the claimant has

11   not established by a preponderance of the evidence the probable

12   validity of the real property claim."  *Id*.  The party opposing

13   the motion to expunge has the burden of proving the "probable

14   validity."  CCP § 405.30.  A claim has "probable validity" where

15   "it is more likely than not that the plaintiff will obtain

16   judgment against the defendant on the claim."  CCP at § 405.3.

17   The reviewing court is required to consider the relative merits

18   of the parties' positions and must decide whether plaintiff has

19   met his burden of establishing the probable validity of his

20   claims by a preponderance of the evidence.  *Loeb & Loeb v.*

21   *Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1120 (1985).

22   Plaintiff has filed nothing.  Here, where federal statute

23   precludes <u>any</u> court from exercising jurisdiction over his claims,

24   Plaintiff cannot establish their probable validity.  Defendant's

25   request for expungement of the *lis pendens* is GRANTED.

26       Under CCP § 405.38, when a court orders a *lis pendens*

27   expunged, the order must direct that the prevailing party be

28   awarded reasonable attorneys' fees and costs.  This award is

1   mandatory, unless the Court finds that the opposing party acted

2   with substantial justification, or that other circumstances make

3   the imposition of attorneys' fees unjust. *Id*. Defendant

4   requests attorneys' fees in this case. However, given that the

5   law firm involved in the serial filing of this and numerous

6   related lawsuits is no longer in operation, imposing fees upon a

7   probably uninformed Plaintiff already in financial distress would

8   be unjust. Defendant's request for attorneys' fees is DENIED.

9

                          V. <u>CONCLUSION</u>

10

11       For the reasons set forth above, Defendant's motion to

12   dismiss for lack of subject matter jurisdiction is GRANTED and

13   the *lis pendens* is EXPUNGED. There is no need to grant leave to

14   amend as Plaintiff has failed to respond to the motion to

15   dismiss. Defendant's request for attorney's fees is DENIED.

16

17   SO ORDERED

18   Dated:   June 1, 2009

19

20                      ___/s/ Oliver W. Wanger___
                           Oliver W. Wanger
21                      United States District Judge

22

23

24

25

26

27

28

                              **8**