UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO RAMOS,<br>    *Plaintiff*,<br><br>   v.<br><br>NDEX WEST, LLC, *et al.*,<br><br>    *Defendant*. | 1:09-CV-00190 OWW GSA<br><br>ORDER RE MOTION TO SUBSTITUTE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., AND AS CONSERVATOR FOR INDYMAC FEDERAL BANK, FSB, IN THE PLACE OF NAMED DEFENDANT INDYMAC FEDERAL BANK, FSB (DOCS. 3 & 9) |

  Before the court for decision is the Federal Deposit Insurance Corporation's ("FDIC") motion to substitute itself for named defendant IndyMac Federal Bank, FSB.  Docs. 3 & 9.  At the time the complaint in this case was filed, Plaintiff was represented by Marjan Alitalaei of the law firm of M.W. Roth, PLC.  That law firm has ceased operations and the California Superior Court for the County of Los Angeles has assumed jurisdiction over the practice.  *See* Doc. 6.  Defendant was instructed to, and did, serve a copy of this motion, along with a notice of the scheduled hearing on June 1, 2009, on Plaintiff via U.S. Mail at Plaintiff's last known address, 13015 Monarch Palm Avenue, Bakersfield, California, 93314.  Doc. 9 (proof of service).  Plaintiff has filed no opposition.

  On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank, F.S.B., and appointed an FDIC Receiver as

the receiver for the failed institution pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5).  The FDIC Receiver, as the successor-in-interest to IndyMac FSB, assumed all of the failed institution's rights, titles, powers, and privileges, and began liquidating its assets and liabilities.  Also on July 11, 2008, OTS chartered a new institution, IndyMac Federal Bank, FSB, and appointed an FDIC Conservator as its operator.  Many of the assets and liabilities of the failed institution were transferred to the new institution under the control of the FDIC Conservator. The FDIC is currently operating in a dual capacity as the Receiver for the failed institution and as Conservator for the new one.  As such, the FDIC stands in the shoes of both the old and new institutions and operates as their successor.  *See* 12 U.S.C. § 1821(d)(2)(describing FDIC's powers as successor to institution and to operate an institution).

On December 4, 2008, Plaintiff filed the instant complaint against IndyMac Federal Bank, FSB, and several other institutions, seeking monetary damages and to enjoin any foreclosure of his home.

Federal Rule of Civil Procedure 25(c) provides that, when there has been a transfer of interest from a party to a non-party, the court may substitute the non-party in place of the original party.  When OTC appointed the FDIC Receiver for the failed institution and Conservator of the new one, a transfer of interest took place, as contemplated by Rule 25(c).  *See Salazar v. Trustee Corps 2009 WL 690185*, *2 (S.D. Cal. 2009) (permitting substitution of FDIC where OTS appointed FDIC Receiver of failed institution); *FDIC v. Wrapwell Corp.*, 922 F.

2

Supp. 913, 917 (S.D.N.Y.1996) (same).

    For the reasons set forth above, it is ORDERED that the FDIC be substituted in the place of Defendant IndyMac Federal Bank, FSB.

SO ORDERED

Dated:   June 1, 2009

                                          /s/ Oliver W. Wanger\_\_\_
                                            Oliver W. Wanger
                                      United States District Judge